IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Malachi Bolds, ) | Case No. 2:20-cv-01653-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| South Carolina Department of Mental ) | |
| Health, and Martie Landrum, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 24) recommending that the Court grant Defendants' motion for judgment on the pleadings (Dkt. No. 21). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants Defendants' motion for judgment on the pleadings, and dismisses Plaintiff's complaint.

**I.    Background and Relevant Facts**

On September 14, 2020, Plaintiff filed his First Amended Complaint ("FAC") alleging violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII").

Plaintiff alleges he was hired by the South Carolina Department of Mental Health ("DMH") in or around July 2004 as a Human Service Specialist 2, Clinical Counselor. (Dkt. No. 19 ¶ 22). Plaintiff alleges that, after taking FMLA leave from around May 2018 through July 2018 for a spinal fusion surgery, he returned to work around August 2018. (*Id.* ¶¶ 24-25). Upon returning, Plaintiff alleges he accepted a position as a "Care Coordinator, a 'promotion' that included a pay raise." (*Id.* ¶ 25). Plaintiff alleges that Defendant Martie Landrum, Plaintiff's supervisor,

"exercised her discretion and required" him to formally resign his current position, surrender his seniority, and accept the Care Coordinator position as a "probationary employee" subject to a discretionary termination. (*Id.* ¶¶ 26-27). Plaintiff alleges that he was not given access to DMH's computer system until three or four weeks into the new position, such that he began his new position "in the negative with respect to productivity." (*Id.* ¶¶ 29-30). Because of continued physical setbacks after surgery, Plaintiff requested an ergonomic workstation through the South Carolina Vocational Rehabilitation Department ("SCVRD"), a public entity that provides vocational rehabilitation programs and services to eligible employees and employers throughout South Carolina. (*Id.* ¶¶ 32, 34). Plaintiff alleges that while waiting on his ergonomic workstation to arrive, Plaintiff asked that his productivity requirement be lowered to accommodate his impairments. (*Id.*¶¶ 25, 37). Plaintiff alleges that DMH denied the request and then terminated him three to four weeks before he was scheduled to receive his ergonomic workspace. (*Id.* ¶¶ 38-40).

The FAC puts forth two claims: (1) Violation of the ADA, Title II; and (2) Violation of Title VII: Hostile Work Environment.

On September 30, 2020, Defendants moved for a judgment on the pleadings. (Dkt. No. 21). Plaintiff filed a response in opposition, (Dkt. No. 22), to which Defendants filed a reply, (Dkt. No. 23).

On February 11, 2021, the Magistrate Judge issued an R&R recommending that Defendants' motion be granted. On February 25, 2021, Plaintiff filed objections to the R&R. (Dkt. No. 25). On March 11, 2021, Defendants filed a reply. (Dkt. No. 26).

Defendants' motion is fully briefed and ripe for disposition.

## II. Legal Standards

### a. Fed. R. Civ. P. Rule 12(c)

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are designed to "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Fowler v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 3d 751, 755 (D.S.C. 2017). Judgment on the pleadings is only appropriate where "'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* at 755–56 (quoting *Lewis v. Excel Mech., LLC*, No. 2:13-CV-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug. 28, 2013)).

### b. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections, the R&R is reviewed *de novo*.

### III.     Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the FAC should be dismissed.

First, the Magistrate Judge correctly determined that Plaintiff's Title II ADA claim is subject to dismissal. Specifically, the Magistrate Judge correctly noted that Title II of the ADA does not apply in the employment context. (Dkt. No. 24 at 4-5); *Reyazuddin v. Montgomery Cnty., Md.*, 789 F.3d 407, 421 (4th Cir. 2015) ("Based on the text and structure of Title II and the ADA, we agree with the majority of circuits to have considered the question that Title II unambiguously does not provide a vehicle for public employment discrimination claims."); *Jackson v. S.C. Dep't of Disabilities & Special Needs*, No. CV 4:15-5033-BHH-KDW, 2016 WL 3647981, at *3 (D.S.C. June 15, 2016), *report and recommendation adopted,* No. CV 4:15-5033-BHH, 2016 WL 3633660 (D.S.C. July 7, 2016). Accordingly, the Magistrate Judge, applying the above binding precedent, correctly found that Plaintiff's Title II ADA claim was barred because it was brought against his employer for his alleged wrongful termination. (Dkt. No. 24 at 8) ("Because Title II of the ADA does not provide a vehicle for Plaintiff's public employment discrimination claim, Plaintiff's first cause of action against DMH and Landrum should be dismissed.").

Plaintiff filed objections to this finding.

The Court overrules Plaintiff's objections. (Dkt. No. 25 at 3-7). At bottom, Plaintiff's objections repeat arguments already put forth and rejected by the Magistrate Judge. *See* (Dkt. No. 22 at 2-4). Namely, Plaintiff again argues that his "ADA claim is not the typical public employment discrimination claim addressed in *Reyazuddin* . . . [because] Defendants' discriminatory conduct . . . implicated Title II of the ADA [as] it precluded Plaintiff from receiving 'outputs provided to the public.'" (Dkt. No. 25 at 3); *see* FAC, (Dkt. No. 19 ¶ 57) ("Defendants'

intentionally violated the ADA when they interfered with Plaintiffs' receipt of services from SCVRD"); (*Id.* ¶ 59) ("Following his protective activities, SCDMH and Landrum terminated Plaintiff mere weeks before he received his customized ergonomic workstation."). *But see* (*id.* ¶ 64) (requesting injunctive relief against DMH including reinstatement of Plaintiff).

In rejecting the above arguments, and in finding that Plaintiff was attempting to bring an employment discrimination suit against DMH, the Magistrate Judge explained:

> [T]he genesis of Plaintiff's allegations is that Defendants "interfered" with his receipt of services from SCVRD by not waiting until he got his ergonomic workstation before terminating him. Plaintiff admits that while he "waited for his ergonomic workstation to arrive, [he] struggled to meet, and ultimately did not meet, the productivity requirement given his impairments." Plaintiff was terminated for failing to meet his productivity requirements. He contends that the circumstances of his discharge "raise a reasonable inference of unlawful discrimination because, among other things, SCDMH and Landrum, in her official capacity, intentionally terminated [him] before he received his customized ergonomic workstation from SCVRD, despite knowing that this was a long-term reasonable accommodation of his disability." *The allegations in the Amended Complaint specifically refer to Plaintiff's termination as being discriminatory, based, in part, upon Defendants' failure to wait on a long-term reasonable accommodation under the ADA, i.e., the ergonomic workstation from SCVRD. This is, as alleged, a quintessential employment discrimination claim*.

(Dkt. No. 24 at 6-7) (emphasis added). In sum, "[t]he fact that the accommodation at issue was being provided by a separate public entity does not somehow convert the nature of Plaintiff's claim against his employer from Title I, which covers employment discrimination claims, to Title II of the ADA." (*Id.* at 7).

Therefore, as the Court finds no merit to Plaintiff's above objection, it is overruled.

Second, the Court finds that the Magistrate Judge correctly determined that Plaintiff's hostile work environment claim is subject to dismissal. Namely, the Magistrate Judge correctly found that the FAC, while containing "factual allegations giv[ing] rise to a classic disparate treatment claim . . . do[es] not state a hostile work environment claim." (Dkt. No. 24 at 15) (noting

the FAC alleges "three discrete acts of disparate treatment against Plaintiff by his supervisor: (1) conditions for receiving a promotion; (2) failing to accommodate his productivity needs; and (3) terminating him" but otherwise contains "no *factual* allegations . . . of severe or pervasive harassment"); *see* (*id.* at 14-15) (analyzing the specific allegations which Plaintiff argued formed the basis of his hostile work environment claim but concluding that none constituted "severe or pervasive harassment"); *see also Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (to state a hostile work environment claim a plaintiff must adequately allege he "was subjected to 1) unwelcome conduct, (2) based on [his] race or sex, that was (3) severe or pervasive enough to make [his] work environment hostile or abusive and (4) imputable to . . . [his] employer").

Plaintiff filed objections to the above findings.

The Court overrules Plaintiff's objections. (Dkt. No. 25 at 7-9). In objecting to the R&R's conclusion that the FAC does not plausibly allege the "severe and pervasive element" of a hostile work environment claim, Plaintiff repeats the identical arguments he advanced in opposing Defendants' motion. *Compare* (*id.*) (string citing to various paragraphs from the complaint as evidence of a of "a course of conduct based on Plaintiff's race and gender") *with* (Dkt. No. 24 at 15-16) (noting, for example, that "Plaintiff does not explain how DMH's offer of a promotion and pay increase, which Plaintiff voluntarily accepted, is indicative of severe or pervasive conduct that somehow altered the conditions of his employment and created an abusive work environment. Moreover, Plaintiff's bare-bones assertion that DMH failed to provide vocational rehabilitation tools, via the hands of a white female, and access to the computer database fall well short of demonstrating a plausible hostile work environment claim."). In sum, Plaintiff's objections are non-specific as they "merely restate Plaintiff's claims" and the Court will not discuss them further. *Lester v. Michael Henthorne of Littler Mendleson PC*, No. CV 3:14-3625-TMC, 2014 WL

11531106, at *1 (D.S.C. Oct. 28, 2014), *aff'd sub nom. Lester v. Michael Henthorne of Littler Mendelson PC*, 593 F. App'x 239 (4th Cir. 2015); *see also Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019) (noting that it is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object").

Accordingly, the Court overrules Plaintiff's objections on the above point.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R, (Dkt. No. 24), as the Order of the Court, **GRANTS** Defendants' motion for judgment on the pleadings, (Dkt. No. 21), and **DISMISSES** Plaintiff's First Amended Complaint.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

March 15, 2021
Charleston, South Carolina